**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marco Antonio SOLIS–RAMIREZ,**
**Defendant–Appellant.**

No. 03–41191
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

April 21, 2004.

James Lee Turner, Assistant US Attorney, Jeffery Alan Babcock, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, H. Michael Sokolow, Norman E. McInnis, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Marco Antonio Solis–Ramirez (Solis–Ramirez) appeals his conviction and sentence

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

for being found in the United States after previous deportation, a violation of 8 U.S.C. § 1326(a) and (b). He argues that the "felony" and "aggravated felony" provisions of § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Solis–Ramirez raises an issue that he concedes is foreclosed, but he seeks to preserve it for further review.

This argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). We must follow the precedent in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000) (internal quotation and citation omitted).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.